Mark L. Javitch
JAVITCH LAW OFFICE
480 S. Ellsworth Ave.
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and those similarly situated

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEN FABRIKANT, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>TR ADVOCATES LLC, a California limited liability company, and John Doe, an unknown business entity<br><br>    Defendants. | Case No.: 4:21-cv-03078<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

1. Plaintiff BEN FABRIKANT ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant TR ADVOCATES LLC, ("TR Advocates") and JOHN DOE, an unknown business entity, ("John Doe" or collectively, "Defendants") to stop their illegal practice of making illegal robocalls to the cellular and residential telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2. Defendant TR Advocates is company that markets and sells its services helping consumers deal with their back taxes owed. As a part of their marketing, TR Advocates placed thousands of artificial or prerecorded voice calls to consumers' phones nationwide.

3. TR Advocates did not obtain express written consent prior to sending these artificial or prerecorded voice messages and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the calls at issue, TR Advocates violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop their unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff BEN FABRIKANT is a natural person and is a citizen of Lincoln, Nebraska.

9. Defendant TR Advocates is a California Limited Liability Company with its principal place of business at 16806 Armstrong Avenue, Suite 215, Irvine CA 92606.

10. TR Advocates' registered agent is Ashley T Bergeron, 135 S. State College Blvd, Brea, California, 92821.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has specific personal jurisdiction over Defendants because they caused the violating phone calls to be placed to Plaintiff in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14. TR Advocates performs tax relief for consumers who owe back taxes to the IRS.

15. TR Advocates hired John Doe to place artificial or prerecorded voice calls to be placed to thousands of cellular and residential phones numbers.

16. When the Class members answered their phones expecting to hear from a real person, Defendants pulled a bait and switch by playing an artificial or prerecorded voice message advertising tax relief services.

17. Unfortunately, Defendants failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal voice recordings.

## FACTS SPECIFIC TO PLAINTIFF

18. On February 10, 2021, Plaintiff received a call on his cell phone ending in 8378 from a call with the Caller ID appearing as (949) 979-6918.

19. When Plaintiff answered the call, Plaintiff heard an artificial or prerecorded voice message regarding resolving back taxes with the IRS.

20. The voice said to "press one to speak to a representative."

21. Plaintiff responded to the prompts and was connected to Paula T., a representative for TR Advocates.

22. Paula T. solicited Plaintiff for TR Advocates' back tax services.

23. Plaintiff received an email from Paula T regarding TR Advocates' services

24. Plaintiff never consented to receive calls from Defendants. Plaintiff had never heard of Defendants and had no relationship whatsoever with Defendants prior to this interaction.

25. Defendants' call violated Plaintiff's statutory rights and caused actual and statutory damages.

26. In addition to causing statutory damages, these illegal call(s) caused annoyance, intrusion on privacy and seclusion, and wasted time to Plaintiff.

## CLASS ALLEGATIONS

27. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) whose cellular or residential telephone were called (3) using an artificial or prerecorded voice message; (4) to promote Defendants' products and services;

28. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

30. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

32. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether the calls were placed to residential and/or cellular phones;

   b. Whether the phone calls used an artificial or prerecorded voice;

   c. Whether the calls were caused by Defendants;

   d. Whether the calls promoted Defendants' products and services;

   e. Whether Defendants obtained written express consent prior to the calls;

   f. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

34. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and

expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b)
**(On behalf of Plaintiff and the TCPA Class)**

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Plaintiff and the Class members received calls to their residential and cellular telephones.

37. The calls were not made for an emergency purpose.

38. The calls played a prerecorded voice message as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

39. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

40. Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

41. If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
Unlawful Violation of California Unfair Competition Law
Cal. Bus. & Prof. Code §17200
**(On behalf of Plaintiff and the Class)**

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. The unlawful prong of California Business and Professions Code § 17200 prohibits any unlawful business practice.

44. Each of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii) and (B) constitute separate and cumulative violations of § 17200.

45. Plaintiff is authorized to pursue a private right of action for injunctive relief against Defendants under § 17204.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BEN FABRIKANT, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff BEN FABRIKANT as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate the TCPA;

C. An order declaring that Defendants' actions, as set out above, violate the TCPA willfully and knowingly;

8

D. An order declaring that Defendants' actions, as set out above, violate the California Business and Professions Code § 17200.

E. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' express written consent to receive such calls, and otherwise protecting interests of the Class;

F. An award of actual damages and/or statutory fines and penalties;

G. An award of reasonable attorney's fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5.

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 14, 2021

Respectfully submitted,

BEN FABRIKANT, individually and on behalf of all others similarly situated,

By: /s/ Mark L. Javitch

JAVITCH LAW OFFICE
480 S. Ellsworth Avenue
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*

9